In the Matter of the Dependency and Neglect of S.L., H.L. and M.B., and Concerning Their Mother L.B.

No. 13827.

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1983.

Decided Feb. 23, 1983.

---

Michael J. Williams, Asst. Atty. Gen., Pierre, for appellee, State of S.D.; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Daniel R. Moen of McNeary & Moen, Aberdeen, for children.

Greg L. Peterson of Bantz, Gosch, Cremer & Peterson, Aberdeen, for appellant mother, L.B.

FOSHEIM, Chief Justice.

At the conclusion of the adjudicatory hearing, the trial court determined that L.B.'s children, S.L., H.L., and M.B., were

dependent and neglected within the meaning of SDCL ch. 26–8. Following a dispositional hearing, the trial court ordered the termination of L.B.'s parental rights and awarded the South Dakota Department of Social Services custody and guardianship of S.L., H.L. and M.B. This Dispositional Order, dated March 15, 1982, was amended April 27, 1982. L.B. appeals from the trial court's Dispositional Order. We reverse and remand.

The issue before us is whether the trial court applied the correct standard of proof at the dispositional hearing. The findings were prefaced with these words: "The Court finds by the preponderance of the evidence...". As announced in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and followed in *People in Interest of S.H.,* 323 N.W.2d 851 (S.D. 1982), and *In the Matter of S.S., T.D., D.D., & S.D.,* 323 N.W.2d 852 (S.D.1982), parental rights may not be terminated unless the court finds the State's allegations are supported by clear and convincing evidence. We accordingly reverse the Dispositional Order and remand for entry of findings and conclusions based on the standard of clear and convincing evidence.

All the Justices concur.